## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY E. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   CIV-11-810-D |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner).  Pursuant to an order entered by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The Commissioner has filed a motion to dismiss, to which the Plaintiff has responded.  Thus, the matter is at issue.  For the reasons stated herein, it is recommended that Plaintiff's complaint be dismissed.

## I.  APPLICABLE LAW

"In order to bring a suit against the government or one of its agencies, a plaintiff must have a substantive right to the relief sought and an explicit Congressional consent authorizing such relief.  Consent is a prerequisite of jurisdiction, and the government's consent defines the terms and conditions upon which it may be sued."  Bryan v. Office of Personnel Management, 165 F.3d 1315, 1318 (10th Cir. 1999) (citations omitted) (internal quotation

marks omitted).  Plaintiff, as the party seeking to invoke the Court's jurisdiction, bears the

burden of establishing its existence.  See Basso v. Utah Power & Light Co., 495 F.2d 906,

909 (10th Cir. 1974).

"Federal courts have limited statutory power to review decisions of the Social Security

Commissioner and may review the Commissioner's decisions only as provided in 42 U.S.C.

§ 405."  Elliott v. Barnhart, No. 04-2097, 117 Fed. Appx. 659, 660 (10th Cir. Nov. 24,

2004);[1] 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social

Security shall be reviewed by any person, tribunal, or governmental agency except as herein

provided.").  Section 405(g) limits the Court's jurisdiction to review the Commissioner's

"final decisions that are made after a hearing."  Elliott, 117 Fed. Appx. at 660.  "Final

decision" is not defined in § 405 but is left to the Commissioner "to flesh out by regulation."

Allred v. Social Security Administration, No. 08-4079, 315 Fed. Appx. 74, 75 (10th Cir. Feb.

26, 2009) (quoting Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).  The Commissioner has

set forth a four-step administrative review process which the claimant must complete for the

Commissioner's decision to be "final."  Griffin v. Astrue, No. 08-1054, 300 Fed. Appx. 615,

617 (10th Cir. Nov. 28, 2008).  Namely, the claimant must seek 1) an initial determination

regarding his entitlement to benefits, 2) reconsideration of the initial determination, 3) a

hearing before an administrative law judge, and 4) review of the administrative law judge's

decision by the Appeals Council.  20 C.F.R. § 404.900(a)(1)-(4).  Only after the claimant has

---

[1]This and any other unpublished disposition is cited pursuant to Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

completed the above four steps can the Commissioner's decision be said to be "final" and ready for consideration by the appropriate federal district court. 20 C.F.R. § 404.900(a)(5).

Judicial review of a final decision of the Commissioner is also subject to a limitations period. Thus, to obtain judicial review, the claimant must file a civil action with the United States District Court for the judicial district in which the claimant resides or has his principal place of business within sixty days after receiving notice of the final decision of the Commissioner. 42 U.S.C. § 405(g). A claimant is presumed to have received notice of the Commissioner's final decision within five days after the Commissioner sent notice unless there is a reasonable showing that the claimant did not receive notice within that time. 20 C.F.R. § 422.210(c). The sixty day limitations period "is a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). However, contrary to the Commissioner's contention, "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." Bowen, 476 U.S. 478.

For the reasons stated below, the undersigned finds that to the extent that Plaintiff is challenging the Commissioner's April 30, 2010, decision, his complaint is untimely under 42 U.S.C. § 405. Additionally, the undersigned finds that to the extent Plaintiff is challenging the Commissioner's September 6, 2010, decision, the court has no jurisdiction to decide Plaintiff's allegations because that decision was not a "final decision" of the Commissioner as defined by 20 C.F.R. § 404.900.

## II. PROCEDURAL HISTORY

In order to understand the recommended disposition, the undersigned has set forth a brief procedural history of the case. Plaintiff protectively filed his application for child's disability insurance benefits on December 18, 2007, alleging that he became disabled as of August 1, 1975. Plaintiff's Response, Exs. 2, 5-6.[2] The application was denied at the administrative level on January 8, 2008. Plaintiff's Response, Ex. 4. Pursuant to Plaintiff's request, an administrative hearing was held before an administrative law judge on April 13, 2009. Plaintiff's Response, Exs. 3, 7. The administrative law judge issued a "fully favorable" decision on June 30, 2009, finding that Plaintiff has been disabled since August 20, 1978. Plaintiff's Response, Ex. 5. On July 8, 2009, the administrative law judge issued an amended "fully favorable" decision which found that Plaintiff has been disabled since August 19, 1978. Plaintiff's Response, Ex. 6. A "notice of award" letter was issued on September 16, 2009, which informed Plaintiff that pursuant to the administrative law judge's July 8, 2009, decision, he was entitled to monthly child's disability insurance benefits

---

[2]Traditionally, the Court may only consider the pleading in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b). However, the Court may also consider documents which are referred or attached to the complaint if those documents are central to the plaintiff's claims and there is no dispute as to their authenticity. Cohon ex rel. Bass v. New Mexico Department of Health, 646 F.3d 717, 724 (10th Cir. 2011); Kerber v. Qwest Group Life Insurance Plan, 647 F.3d 950, 959 (10th Cir. 2011). The Court may also consider "letter decisions of governmental agencies" and other matters of which it may take judicial notice. J.P. Silverton Industries L.P. v. Sohm, No. 06-6131, 243 Fed. Appx. 82, 87 (6th Cir. June 26, 2007). Cf. Pace v. Swerdlow, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (district court was correct in considering and taking judicial notice of all materials in state court's file on motion to dismiss under Rule 12(b)). Thus, the Court may consider the documents attached to the complaint, the motion to dismiss, and Plaintiff's response in ruling on the Commissioner's motion to dismiss.

beginning June 2007 but that payments would begin in September 2009 because the Social

Security Administration was withholding Plaintiff's benefits for June 2007 to August 2009

to determine if a reduction in benefits was necessary, depending on whether Plaintiff had

received supplemental security income benefits.  Motion to Dismiss, Ex. 1.  Plaintiff did not

appeal the administrative law judge's decision.  However the Appeals Council decided to

reopen the administrative law judge's decision, and on April 30, 2010, the Appeals Council

affirmed the administrative law judge's finding that Plaintiff had been continually disabled

since August 19, 1978.  Complaint, Ex. 1; Motion to Dismiss, Ex. 2.  The Appeals Council

informed Plaintiff that if he disagreed with the above decision, he would need to file a civil

action with the United States District Court for the judicial district in which he resided no

later than sixty days after receiving notice of its decision.  Complaint, Ex. 1; Motion to

Dismiss, Ex. 2.  In a "notice of change of benefits" dated September 6, 2010, the Social

Security Administration informed Plaintiff that his month of entitlement had been changed

to February 2001, the month after his divorce became final, but that the Social Security

Administration was withholding those benefits for February 2001 through May 2007 to

determine if a reduction in benefits was necessary depending on whether Plaintiff had

received supplemental security income benefits.  Motion to Dismiss, Ex. 3.  The Social

Security Administration also informed Plaintiff that if he disagreed with the above decision,

he could seek review before an administrative law judge within sixty days of Plaintiff's

receipt of the letter.  Motion to Dismiss, Ex. 3.  Plaintiff apparently did not seek review of

the above decision before an administrative law judge.  Instead, on July 18, 2011, Plaintiff

filed this action with the Court.

## III. DISCUSSION

The Commissioner alleges that dismissal is appropriate because Plaintiff failed to timely appeal the Social Security Administration's September 6, 2010, decision that Plaintiff was entitled to child's disability insurance benefits beginning February 2001.  Motion to Dismiss, 3.

Plaintiff's response is not entirely clear, but he seems to be asking the Court to order the Commissioner to award him child's disability insurance benefits beginning with his disability onset date of August 19, 1978, rather than February 2001, the month he was first found to be entitled to child's disability insurance benefits.  Plaintiff's Response, 1-3.  In so arguing, it is not entirely clear whether Plaintiff is asking the Court to review the April 30, 2010, decision of the Appeals Council or the findings in the September 6, 2010, "notice of change of benefits."  However, regardless of which decision Plaintiff is challenging, the Court may not grant the relief requested.  To the extent Plaintiff is challenging the April 30, 2010, decision of the Appeals Council, his complaint is clearly not timely under 42 U.S.C. § 405(g).  Additionally, to the extent he is challenging the September 6, 2010, "notice of change of benefits," the decision is not a final decision under 20 C.F.R. § 404.900(a), and thus, the Court does not have jurisdiction to review that decision.[3]

---

[3]The Court may raise lack of subject matter jurisdiction sua sponte.  Federal Rule of Civil Procedure 12(h)(3).

**RECOMMENDATION**

In light of the foregoing, the undersigned recommends that the Commissioner's motion to dismiss be **GRANTED** and Plaintiff's complaint be **DISMISSED**.  Plaintiff is advised of the right to object to this Report and Recommendation by January 23, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, by filing written objections with the Clerk of Court.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

ENTERED THIS 6th day of January, 2012.


_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE